Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce De Leon Blvd, Suite 1480
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH BOSNOS,<br><br>         Plaintiff,<br><br>vs.<br><br>VIKING CRUISES USA, LTD., a foreign corporation, VIKING OCEAN CRUISES LTD., a foreign corporation, VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES, and XYZ CORPORATION.<br><br>         Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff, JUDITH BOSNOS brings this action individually. This action is brought against Defendant VIKING CRUISES USA, LTD., VIKING OCEAN CRUISES LTD., VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES and XYZ CORPORATION for personal injuries sustained by Plaintiff JUDITH BOSNOS. Plaintiff, JUDITH BOSNO seeks damages and demands a jury trial on all issues so triable against Defendants.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

## **JURISDICTION AND VENUE**

1.   This action is an action under general maritime law and the laws of California, as applicable.

2.   This matter falls under the admiralty and maritime jurisdiction of this Court.

3.   This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because the there is a forum selection clause in the cruise tickets issued to passengers whose cruises begin, end, or include a stop at a port in the United States which requires such passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.   Defendants, at all times material hereto, personally or through an agent:

    a.   Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.   Were engaged in substantial activity within this state;

    c.   Operated vessels in the waters of this state;

    d.   Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

    e.   The acts of the Defendants set out in this Complaint occurred in whole or in part in this state and/or county;

    f.   Defendants agreed to submit to jurisdiction in this Court;

    g.   The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendants in this action.

## **THE PARTIES**

5.   The Plaintiff JUDITH BOSNOS was and is a resident of Arizona.

6.   Defendant VIKING CRUISES USA, LTD., is a foreign corporation and is identified in the passenger ticket contract as the "carrier" of the *Viking Sky.*

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

7.    Defendant VIKING OCEAN CRUISES LTD., is a foreign corporation and is identified on Defendant's website as the "carrier" of the *Viking Sky*.

8.    Defendants VIKING CRUISES USA, LTD., and VIKING OCEAN CRUISES LTD., are collectively referred to as VIKING.

9.     At all times material, Defendants VIKING were and are a common carriers engaged in the business of marketing, selling, operating, and managing cruise ships, including the *Viking Sky*, out of various ports throughout the world, including cruises which begin, end or include a port in the United States, and specifically in Los Angeles, California.

10.    At all times material, Defendants VIKING derived substantial revenue from cruises originating and terminating in various ports throughout the world including cruises which begin, end or include a port in the United States, and including Los Angeles, California.

11.    At all times material, Defendants VIKING operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Viking Sky*.

12.    At all times material, VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES (hereinafter "VRC"), was and is a for profit California Corporation (entity number: C2221662), with its principle place of business and headquarters in Los Angeles, California, and represents itself as an agent for Defendants VIKING.   Defendant VRC provides sales and marketing services for Defendants VIKING.   Said services include but not limited to making representations and advising passengers and prospective passengers as to amenities and/or activities which are included as part of the overall cruise experience, including but not limited to information and sales related to complimentary and optional shore excursions. Defendant VRC encourages passengers and prospective passengers to participate in and/or book

Complaint and Demand for Jury Trial

complimentary and optional shore excursions.

13.    Defendant, XYZ CORPORATION (hereinafter "XYZ CORP."), is included to represent the owner(s) and/or operator(s) of the subject excursion.  As of the filing of this Complaint, Defendants VIKING have failed to provide the name of its local tour partner, insofar as such entity has a different name than the named VIKING Defendants. In the event discovery reveals different and/or additional entities contributed to the ownership, operation, and/or management of the subject excursion, the legal names of the entities will be substituted for XYZ CORPORATION.

## FACTS COMMON TO ALL COUNTS

14.    At all times material, Defendants VIKING operated, managed, maintained, supervised, chartered, and/or controlled the large commercial vessel *Viking Sky.*

15.    At all times material, Defendants VIKING transported fare-paying passengers on cruises aboard its vessel *Viking Sky.*

16.    At all times material, Defendants VIKING were and are engaged in providing cruise vacation experiences to the public.   This experience includes shore excursions at various ports of call which are *sine qua non* of the cruise.   As part of the passengers cruise fare, Defendants VIKING include a complementary shore excursion in each port of call.

17.    Defendants VIKING and/or Defendant VRC organize, promote, advertise, market, vouch for, and/or directly sell the cruises and shore excursions provided by employees, agents, servants, representatives, partners and/or joint venturers.

18.    Defendants VIKING solicits, screens, selects, appoints, contracts with, partners with, and trains various local shores excursion partners, including Defendant XYZ CORP.  The excursions become a permanent part of that particular cruise

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

and are described in the literature and/or information distributed to passengers in writing and verbally.

### Promotional Materials & Statements
### <u>Concerning Shore Excursions</u>

19.  Defendants VIKING and/or Defendant VRC advertise, market, promote and represent that "Viking creates excursions" that are "thoughtfully curated" and that "our excursions are carefully designed by experienced, licensed and insured tour planners. . ."

20.  Defendants VIKING and/or Defendant VRC advertise, market, promote and represent that the "Viking Inclusive Value" includes "one complementary shore excursion in every port of call" and that passengers have the opportunity to purchase additional optional shore excursions in each port of call.

21.  Defendants VIKING and/or Defendant VRC further advertise, market, promote and represent:

> VIKING HEALTH & SAFETY PROGRAM
>
> Your health and wellbeing are always our top priority. As the world's leading exploration company, Viking takes you closer to the heart of the places you want to visit. For more than 25 years, we have always had the highest standards for health and cleanliness.
>
> . . . .
>
> ON SHORE
>
> Local Partner Training
>
> As part of the Viking Health & Safety Program, we regularly train our local partners, including motor coach drivers and tour guides. While ashore, Viking's measures will always meet or exceed local guidelines.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

22.    The information and/or material Defendants VIKING and Defendant VRC made available, distributed and/or represented to passengers concerning shore excursions, was based on the description and/or information obtained by Defendants VIKING through their creating, curating, selecting, vetting, approving and training of its local partners, including Defendant XYZ CORP., and/or was provided to Defendants VIKING and Defendant VRC by Defendant XYZ CORP. Accordingly, Defendants VIKING and Defendant VRC, undertook a duty to accurately advise passengers concerning the subject complementary excursion and Defendants VIKING and Defendant VRC were required to execute that duty utilizing reasonable care under the circumstances.

23.    At no time did Defendants VIKING or Defendant VRC represent to the Plaintiff in particular, or the ship's passengers in general, in any meaningful or timely way, that: the subject complimentary excursion was operated by another entity; any tour operators were not partners, agents, employees or joint venturers; tour operators were not properly insured; the Defendants VIKING and Defendant VRC would subsequently attempt to disavow all responsibility for the safe operation of the subject complementary excursion;, or that Defendant VIKING's excursion operator partners would contest jurisdiction in the place and location required in passenger ticket contract.

24.    Even if the Plaintiff had been aware of the involvement of any other entity in the subject complementary excursion, the sole method for the Plaintiff and other passengers to participate in the subject complementary excursion was through the purchase of their cruise on the *Viking Sky*.

### Facts Concerning the Relationship/Arrangement
### Between VIKING and XYZ CORP

25.    At all material times, Defendants VIKING, was the owner or co-owner of the subject complementary excursion.  At all material times, Defendants VIKING

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

were responsible for, and liable for, the actions of Defendant XYZ CORP., with respect to the subject complementary excursion.

26.    In the alternative, at all material times, a partnership and/or agency relationship and/or joint venture existed between Defendants VIKING and Defendant XYZ CORP., by virtue of the following, whereby Defendants VIKING and Defendant XYZ CORP., are jointly and severally responsible for the negligence of each other as partners of the partnership, and/or agency relationship, and/or joint venture:

a.    VIKING screened, vetted, selected and approved which companies, including XYZ CORP., would be their local tour operator partners for the provision of excursions to VIKING passengers;

b.    VIKING negotiated and entered into an agreement with XYZ CORP., whereby VIKING made all the arrangements for the Plaintiff to participate in the subject complementary excursion being run by VIKING's local tour partner, XYZ CORP.;

c.    VIKING advertised, promoted and marketed on its website, in its literature and on its vessels, on behalf of its tour operator partners, including XYZ CORP., for which VIKING incurred certain expenses and costs;

d.    VIKING maintained departments and/or specific groups of employees in who were devoted to curating, designing, developing, setting the guidelines and requirements for, including insurance requirements, promoting, marketing, coordinating, explaining, overseeing, supervising, auditing, tracking, training, and monitoring the excursions provided and/or sold to the Plaintiff and its other passengers, including the subject complimentary excursion;

e.    Once an excursion is approved and accepted by VIKING, it sends its tour

Complaint and Demand for Jury Trial

operator partners, including XYZ CORP., its standards, policies, and/or procedures that the operators must adhere to while VIKING is offering their excursions to its passengers which specifically includes and sets forth the insurance requirements which must be maintained.

f.   Once an excursion is approved and accepted, VIKING regularly trains its local partners, including motor coach drivers and tour guides, to ensure VIKING's standards, guidelines and policies are met. Additionally, the excursion partners are subject to yearly inspections and/or approval by VIKING, wherein VIKING conducts site inspections of the excursion, including the motor coaches and/or other transportation used for the excursion, and/or operations of the excursion. The yearly inspections and/or approval process also requires XYZ CORP., to disclose the details of incidents that occurred during the excursion involving cruise line passengers (among other information);

g.   VIKING's representative and sales agent VRC markets, offers, sells, provides expert advice and information, answers questions in the selection and booking of shore excursions, both complimentary and optional;

h.   VIKING maintained an excursion desk on its ship staffed by its employees where it marketed, offered, sold, provided expert advice and information, answered questions, handled and resolved complaints and refunds, on behalf of its tour operator partners, including XYZ CORP., for which VIKING incurred certain expenses and costs;

i.   VIKING determined which shore excursions would be complimentary and included in the cruise fare as well as which shore excursions would be optional for which there was an additional charge which was set by VIKING;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

j.     XYZ CORP., provided the equipment and vehicles to be used in the subject shore excursion;

k.     VIKING collected monies for the cruise which included complimentary shore excursions, and collected monies for the optional shore excursions;

l.     VIKING paid its tour operator partner, XYZ CORP., for the provision of the complimentary shore excursions from the cruise fare paid by passengers;

m.    VIKING determined what time the shore excursions would be completed and what time passengers must return to the vessel;

n.     VIKING controlled the operation of the excursion by promulgating various rules and regulations governing the conduct of the excursion, the equipment to be utilized and the personnel allowed to conduct the excursion, which it required its excursion partners, including XYZ CORP., to follow as part of the agreement with VIKING;

o.     VIKING controlled and/or maintained the right of control over the excursion by training, supervising and monitoring performance and retaining the right to require its excursion partners, including XYZ CORP., to modify, alter or change the manner in which each excursion, including the subject excursion, how it was conducted, the equipment utilized and/or the personnel conducting such excursion;

p.     VIKING controlled the operation of the excursion by expressly reserving the right to determine when each excursion was safe to operate under the conditions existing at the time, including the right to modify, terminate or abort each excursion at any time when it was necessary to do so for the safety of its passengers;

q.     VIKING required that its tour operator partners, including XYZ CORP., maintain specific insurance coverage for the benefit of VIKING and its

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

passengers, and that VIKING be named as an additional insured;

r.   VIKING represented to its passengers, including the Plaintiff, that it owned, operated, controlled and took care of all details aspects of the excursions which is sold to its passengers including the Plaintiff;

s.   VIKING maintained exclusive contact with its tour operator partners, including XYZ CORP., and the first contact VIKING's passengers, including the Plaintiff, would have with XYZ CORP., was when they actually participated in the subject excursion;

t.   VIKING delivered to its passengers, including the Plaintiff, their excursion tickets while on board the vessel, on documents containing VIKING's name and logo;

u.   VIKING required motorcoach drivers to wear uniforms with VIKING's logos;

v.   VIKING required tour conductors to wear uniforms and carry signs and clipboards with VIKING's logos;

w.   VIKING required motorcoach drivers and tour conductor represent themselves, verbally and by their actions, to be part of VIKING; and

x.   VIKING required motorcoach drivers and tour conductor to act as part of VIKING.

27.   Defendant XYZ CORP., is an agent, partner and/or joint venturer with Defendants VIKING.   The representations of Defendants VIKING or Defendant VRC to the contrary do not control the legal status of the parties.

28.   Even if Defendant XYZ CORP., was an independent contractor, Defendants VIKING and Defendant VRC are not relieved of its duty to verify the representations which it makes in its statements and literature, both provided to passengers before boarding and while aboard the vessel, about its tour partners and XYZ CORP., are true and correct, including the fact that they are properly

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

trained, adequately insured and adhere to Defendants VIKING's standards, which Defendants VIKING and Defendant VRC represent to be the "highest standards" which will "always meet or exceed local guidelines."

## The Subject Incident

29.    At all times material, the Plaintiff reviewed and relied on the representations and information provided by Defendants VIKING and Defendant VRC in selecting, purchasing and participating in her cruise aboard the *Viking Sky* and in participating in the complimentary shore excursions which was included in her cruise fare.

30.    Based upon the Defendants VIKING's and Defendant VRC's information, materials, representations, and actions concerning the subject complimentary excursion, Plaintiff reasonably understood that Defendants VIKING vetted, screened, trained, monitored, supervised, regularly inspected the facilities, operations, routes of the excursion, equipment, and operators of the subject excursion to ensure that they were reasonably safe.  Plaintiff relied upon such understanding to her detriment in deciding to purchase her cruise aboard the *Viking Sky* and participate in the subject complimentary shore excursion.

31.     At all times material, the Plaintiff was a fare paying passenger of the *Viking Sky* for a transatlantic cruise beginning in Barcelona, Spain and ending in Fort Lauderdale, Florida.  At all times material the vessel was in navigable waters.

32.    On or about November 27, 2023, the *Viking Sky* called in St. Maarten.

33.    Reviewing and relying on the representations and information provided by Defendants VIKING and Defendant VRC, Plaintiff participated in the complementary shore excursion, called "Scenic St. Martin," described as a "picturesque island drive."

34.    On or about November 27, 2023, the Plaintiff boarded a motorcoach to participate in Scenic St. Martin and was seated in the last row.

Complaint and Demand for Jury Trial

35. Upon boarding the motorcoach, the Plaintiff observed the driver wore a red shirt with the logo of Defendants' VIKING. Plaintiff further observed that the tour conductor wore a shirt and carried a sign and clipboard with the logo of Defendants VIKING.

36. During the subject excursion, the driver and tour conductor represented themselves and acted as part of VIKING.

37. At the beginning of the subject excursion, the driver and/or tour conductor joked about the condition of the roads, including but not limited to numerous bumps in the road and hills, and that they may need to push the motorcoach up the hills.

38. The motorcoach was driven in an erratic and reckless manner when the driver drove over a speed bump at an excessive rate of speed, causing the Plaintiff to be thrown from her seat, resulting in the Plaintiff suffering severe injuries to her neck and back.

39. Plaintiff reported her incident to the tour conductor who stated that as part of her job duties she was required by Defendants VIKING to make a formal report of the subject incident.

**Notice of the Dangerous and Hazardous Conditions**

40. The subject excursion was not competently operated by properly trained and/or supervised persons, and/or it was unreasonably hazardous for reasons that include, but are not limited to, (1) the inadequate safety guidelines and (2) the inadequate supervision and/or assistance. The incompetence and/or hazardous conditions of the excursion should have been discovered by Defendants VIKING before the incident if Defendants VIKING had conducted an adequate inspection of the operations, equipment and operators of the subject complementary excursion to ensure it was reasonably safe before repeatedly recommending the complementary excursion to its passengers, including Plaintiff, to the exclusion of other excursions not offered by Defendants

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

VIKING.

41.    Prior to the subject complementary shore excursion, Defendants VIKING and Defendant VRC knew or should have known of the dangerous conditions which made the subject tour unreasonably dangerous, for the reasons that include, but are not limited to:

a.    VIKING's initial approval process and/or its yearly inspections of the subject complementary shore excursion.  This duty is a duty undertaken by VIKING, in part, so that it may make representations concerning the subject tour to its passengers, in an effort to generate a profit for VIKING. Accordingly, VIKING is required to execute this investigation duty with reasonable care under the circumstances;

b.    During VIKING's initial approval and annual inspection process for its offered excursions, including the subject complementary excursion, VIKING's representatives actually take and participate in the subject tour under the same or similar conditions that VIKING's passengers actually experience when they participate in the excursion;

c.    During VIKING's excursion initial approval and annual inspection process, VIKING is supposed to verify whether the tour provider and on-site tour operators are qualified and competent to provide and operate the subject excursion and whether the vessels used for the tour are reasonably safe for VIKING's cruise passengers. VIKING requires their local tour partners to voluntarily disclose any known or hidden conditions;

d.    Prior incidents involving passengers injured on the subject excursion and/or on other motorcoach tours in St. Maarten;

e.    Thoroughly inquiring into Defendant VIKING's local tour partner's certification(s), reputation, reviews, prior incidents, years in operation,

and/or history in working with other cruise lines, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator;

f.  Periodically requesting and examining safety history reports from the local tour partner as well as periodically sending Defendant VIKING's own staff to visit the excursion site(s) and evaluate the excursion experience, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator; and/or

g.  Monitoring passenger feedback which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator.

## COUNT I – NEGLIGENT MISREPSENTATION AS TO DEFENDANTS VIKING AND DEFENDANT VRC

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 41 as though alleged originally herein.

42.  Prior to the cruise, the Plaintiff reviewed Defendant VIKING's website, including the information set forth in paragraphs 19-21 above and spoke with Defendant VRC, before booking and boarding the *Viking Sky*.

43.  At all times material, Defendant VIKING's promotional material, including its website referenced above, which Plaintiff reviewed, contained the statements and descriptions set forth in paragraphs 19 – 21 above.

44.  At all times material, Plaintiff spoke with Defendant VRC which made representations consistent with the statements and descriptions set forth in paragraphs 19 – 21 above.

45.  At all times material, the promotional materials, including its website referenced above, and information provided by Defendants VIKING Defendant

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

VRC, which Plaintiff reviewed and relied upon, contained misrepresentations of material facts, including:

a.  Mispresenting the complementary shore excursions, including the subject excursion, as being VIKING's excursions through the use of proprietary language, as alleged in paragraphs 19 - 21, when in reality, VIKING claims it was an independent contractor's (not VIKING's) excursion;

b.  Misrepresenting that the complementary shore excursions are part of VIKING's Health & Safety Program and are held to the highest standards as alleged in paragraphs 19 – 21, when in actuality, the subject excursion was not reasonably safe, for reasons alleged in paragraphs 40;

c.  Representing and/or implying that excursion providers are part of VIKING's Health & Safety Program and are trained and supervised by VIKING as alleged in paragraphs 19 – 21, when in reality, VIKING claims the shore excursion, is operated and overseen by an independent contractor (not VIKING's) for which VIKING is not responsible;

d.  Representing that shore excursion providers are insured, as alleged in paragraph in paragraphs 19 – 21, when such insurance may not cover claims outside of the provider's area of operation and/or may contain other limitations, such as the amount and types of claims covered;

e.  Representing and/or implying that excursion providers would be subject to personal jurisdiction in the United States and/or subject to United States and/or California law by contractually requiring all passengers (including the Plaintiff) to file suit in a specific jurisdiction in the United States for all claims arising from the subject cruise (including incidents that occur while participating in shore excursions), pursuant to its ticket contract, and/or advertising that its excursion providers are insured, as

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

alleged in paragraphs 19 -21, when in actuality, excursion entities (including the XYZ Corp.) challenge this Court's personal jurisdiction and have limited insurance coverage as alleged above.

46.    At all times material hereto, the foregoing statements of Defendants VIKING and Defendant VRC made and/or disseminated were known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be false and/or misleading.  This knowledge was or should have been acquired through:

a.    VIKING's initial approval process and/or yearly inspections of XYZ CORP., and/or the excursion, including, but not limited to, having VIKING's representative(s) take the complimentary shore excursion, conducting site inspections, and reviewing XYZ CORP.'s insurance, which did or should have revealed: (1) XYZ CORP., and/or the subject complimentary excursion was not actually carefully designed by experienced, licensed and insured tour planners; and/or (2) the XYZ CORP.'s insurance contained limitations.

b.    Prior incidents involving VIKING passengers injured on the same or substantially similar motorcoach excursions in St. Maarten and/or excursions operated by the XYZ CORP., and/or other incidents reported within the cruise industry, and/or  XYZ CORP., challenges to this Court's personal jurisdiction.

c.    VIKING's own customs, practices, policies and/or procedures concerning: (1) its claim that excursions are provided by independent contractors and not VIKING, contrary to its representations; and (2) contractually requiring its passengers to file suit in a specific jurisdiction in the United States for all claims arising from the subject cruise (including incidents that occur while participating in shore excursions).

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

47.    At all times material hereto, the statements were so made or disseminated with the intent or purpose, either directly or indirectly, of inducing passengers (including Plaintiff) to rely on the statements and act by purchasing the cruise and participating in the complementary shore excursion.

48.    At all times material hereto, the Plaintiff justifiably relied on the representations made by Defendants VIKING and Defendant VRC when Plaintiff purchased her cruise and participated in the subject complementary excursion.  The Plaintiff's reliance was justified considering that Plaintiff is a resident of Arizona, and Defendants VIKING and Defendant VRC are in the business of offering and providing cruises and shore excursions.  As a result, Defendants VIKING and Defendant VRC are in a much stronger position to identify the potential dangers and/or inequities that passengers (like Plaintiff) will encounter when participating in excursions and/or when involved in incident(s) and/or dispute(s) with excursion providers.  The Plaintiff therefore justifiably relied on Defendants VIKING and Defendant VRC to accurately advise Plaintiff concerning the excursion providers and/or the subject excursion.  The Plaintiff's reliance was also justified because Defendants VIKING made all arrangements for the subject excursion; Defendants VIKING and Defendant VRC marketed and sold the subject excursion using VIKING's company logo; and Plaintiff's exclusive contacts concerning the subject excursion were with Defendants VIKING and Defendant VRC until the point that Plaintiff actually participated in the subject excursion.  Further, had Defendants VIKING and Defendant VRC not made the foregoing representations, the Plaintiff would have made a different decision in selecting and participating in the subject excursion.

49.    The foregoing acts of negligence of Defendants VIKING and Defendant VRC was a direct and proximate cause of the Plaintiff's injuries and damages.

50.    As a result thereof, the Plaintiff was injured about Plaintiff's body and

Complaint and Demand for Jury Trial

extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### COUNT II – NEGLIGENCE FAILURE TO WARN
### AS TO DEFENDANTS VIKING AND DEFENDANT VRC

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 40 as though alleged originally herein.

51.   At all times material hereto, it was the duty of Defendants VIKING and Defendant VRC to provide Plaintiff with reasonable care under the circumstances.

52.   At all times material hereto, it was the duty of Defendants VIKING and Defendant VRC to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendants VIKING and Defendant VRC in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit beyond the point of disembarkation.

53.   On or about November 27, 2023, the Plaintiff was participating in the subject complimentary shore excursion which Defendants VIKING and Defendant VRC invited and reasonably expected Plaintiff to participate in the subject complimentary shore excursion was included as part of the Plaintiff's cruise fare.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

54. On or about November 27, 2023, Defendants VIKING and/or Defendant VRC and/or their agents, servants, joint venturers and/or employees breached their duty to warn the Plaintiff through the following acts and/or omissions:

a. Failure to adequately warn passengers, including the Plaintiff, that there would not be sufficient assistance, supervision, monitoring and/or instruction;

b. Failure to adequately warn passengers, including the Plaintiff, of the dangers and/or hazardous road conditions;

c. Failure to adequately warn passengers that the motorcoach driver was not properly trained and/or supervised to operate the motorcoach in light of the road conditions;

d. Failure to adequately warn passengers of other accidents or incidents;

e. Failure to adequately warn and/or communicate to passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion, including (1) the inadequate safety guidelines; and (2) the inadequate supervision and/or assistance;

f. Failure to adequately warn and/or communicate to passengers (including the Plaintiff) that XYZ CORP., is not adhering to the highest safety standards in the industry, as evident by the hazard and/or incompetence involved with the subject excursion;

g. Failure to adequately warn and/or communicate to passengers (including the Plaintiff) that XYZ CORP., may not be subject to jurisdiction in the United States, especially when Defendants VIKING requires its passengers (including the Plaintiff) to file suit in a specific jurisdiction in the United States for all claims arising from the subject cruise (including incidents that occur while participating in complimentary shore excursions);

Complaint and Demand for Jury Trial

h.  Failure to adequately warn and/or communicate to passengers (including the Plaintiff) that XYZ CORP., carries independent insurance from the cruise line that has lower limits and more limited coverage than Defendant VIKING's insurance; and/or

i.  Failure to adequately warn and/or communicate to passengers (including the Plaintiff) the limits of the XYZ CORP.'s insurance.

55.  The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured while participating in the subject excursion because Plaintiff would not have participated in the subject complimentary excursion had Defendants VIKING and/or Defendant VRC and/or their agents, servants, and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

56.  At all times material hereto, the subject excursion was unreasonably dangerous based on: (1) the inadequate safety guidelines; and (2) the inadequate supervision and/or assistance.

57.  At all times material hereto, Defendants VIKING and/or Defendant VRC knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendants VIKING and/or Defendant VRC, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through:

a.  Prior incidents involving VIKING passengers injured on the same or substantially similar motorcoach excursions in St. Maarten and/or excursions operated by XYZ CORP., and/or other incidents reported within the cruise industry, and/or XYZ CORP., challenges to this Court's personal jurisdiction;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

b.    VIKING's initial approval process and/or yearly inspections of XYZ CORP., and/or the excursion, including, but not limited to, having VIKING's representative(s) take the complimentary shore excursion, conducting site inspections, and reviewing XYZ CORP.'s insurance, which did or should have revealed: (1) XYZ CORP., and/or the subject complimentary excursion was not actually carefully designed by experienced, licensed and insured tour planners; and/or (2) the XYZ CORP.'s insurance contained limitations.

c.    Thoroughly inquiring into the XYZ CORPS., certification(s), reputation, reviews, prior incidents, years in operation, and/or history in working with other cruise lines, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator; and/or

d.    Periodically requesting and examining safety history reports from XYZ CORP., as well as periodically sending Defendant VIKING's own staff to visit the excursion site(s) and evaluate the excursion experience under the same or similar circumstances as this incident, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator.

58.    The foregoing acts of negligence of Defendants VIKING and/or Defendant VRC was a direct and proximate cause of the Plaintiff's injuries and damages.

59.    As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT III – NEGLIGENCE SELECTION AND/OR RETENTION AS TO DEFENDANT VIKING

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 40 as though alleged originally herein.

60.  At all times material, Defendants VIKING had a duty to provide Plaintiff with reasonable case under the circumstances.

61.  At all times material, Defendants VIKING had a duty to select, hire and/or retain competent and fit tour providers for the complimentary shore excursions included in the cruise fare.

62.  At all times material, Defendants VIKING had a duty to select, hire and/or retain competent and fit tour provides for the complimentary shore excursions included in the cruise fare, it was incumbent on Defendants VIKING to diligently inquire as to the competency and fitness of Defendant XYZ CORP.

63.  At all times material, Defendants VIKING, hired, selected, contracted and retained Defendant XYZ CORP.

64.  On or about November 27, 2023, Defendants VIKING and/or its agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances, by selecting and/or retaining the Excursion Entity, which was incompetent and/or unfit based on the following:

    a.  The failure of XYZ CORP., to provide a reasonably safe excursion;

    b.  The failure of XYZ CORP., to have reasonably competent and/or trained and/or supervised individual(s) operating and/or leading the subject

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

excursion;

c.  The failure of XYZ CORP., to provide adequate assistance, supervision, monitoring and/or instruction to passengers;

d.  The failure of XYZ CORP., to have a competent motorcoach driver;

e.  The failure of XYZ CORP., to have a competent motorcoach driver capable of safely navigating the motorcoach under the given road conditions;

f.  The failure of XYZ CORP., to warn passengers of the road conditions;

g.  The failure of XYZ CORP., to adequately warn passengers that the competent motorcoach driver was not properly trained and/or supervised so as to operate the motorcoach safely in the light of the road condition; and/or

h.  The failure of XYZ CORP., to adequately and regularly inspect the motorcoach, driver and road conditions.

65.  At all times material hereto, Defendants VIKING knew of the foregoing dangerous conditions causing the Plaintiff's incident or the conditions existed for a sufficient length of time so that Defendants VIKING, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through:

a.  Prior incidents involving VIKING passengers injured on the same or substantially similar motorcoach excursions in St. Maarten and/or excursions operated by XYZ CORP., and/or other incidents reported within the cruise industry, and/or  XYZ CORP., challenges to this Court's personal jurisdiction;

b.  VIKING's initial approval process and/or yearly inspections of XYZ CORP., and/or the excursion, including, but not limited to, having VIKING's representative(s) take the complimentary shore excursion,

Complaint and Demand for Jury Trial

conducting site inspections, and reviewing XYZ CORP.'s insurance, which did or should have revealed: (1) XYZ CORP., and/or the subject complimentary excursion was not actually carefully designed by experienced, licensed and insured tour planners; and/or (2) the XYZ CORP.'s insurance contained limitations.

c.    Thoroughly inquiring into the XYZ CORPS., certification(s), reputation, reviews, prior incidents, years in operation, and/or history in working with other cruise lines, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator; and/or

d.    Periodically requesting and examining safety history reports from XYZ CORP., as well as periodically sending Defendant VIKING's own staff to visit the excursion site(s) and evaluate the excursion experience under the same or similar circumstances as this incident, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator.

66.    The foregoing acts of negligence of Defendants VIKING was a direct and proximate cause of the Plaintiff's injuries and damages.

67.    As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT IV – GENERAL NEGLIGENCE AS TO DEFENDANTS VIKING

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 40 as though alleged originally herein.

68.  At all times material hereto, it was the duty of Defendants VIKING to provide Plaintiff with reasonable care under the circumstances.

69.  On or about November 27, 2023, Defendants VIKING and/or its agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances, based on the following acts and/or omissions:

a.  Failure to provide a reasonably safe excursion;

b.  Promoting the subject complementary excursion as created and thoughtfully curated by VIKING thereby implying that the excursion was reasonably safer under the circumstances when in fact it was not;

c.  Promoting the subject complementary excursion as being designed by experienced, licensed and insured planners, thereby implying that the excursion was reasonably safer under the circumstances when in fact it was not;

d.  Promoting the subject complementary shore excursion provider partner was trained by VIKING as part of VIKING's Health and Safety Program which complied with VIKING's highest standards which exceeded local standards, thereby implying that the excursion was reasonably safer under the circumstances when in fact it was not;

e.  Failure to adequately train, supervise and/or monitor its tour partner;

f.  Negligently selecting, designating and/or approving the route to be taken;

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

g.    Failure to require and/or ensure use of safe and properly working motorcoaches that were capable of operating at reasonable rates of speed in light of the road conditions;

h.    Failure to adequately train, supervise and/or monitor tour providers to ensure instructions, warnings and/or assistance was provided/performed for passengers;

i.    Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject excursion was reasonably safe and that the instructions and/or assistance were performed in such a manner that was reasonably safe for cruise ship passengers; and/or

j.    Failure to adequately warn and/or communicate to passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion;

70.   At all times material hereto, Defendants VIKING knew of the foregoing dangerous conditions causing the Plaintiff's incident or the conditions existed for a sufficient length of time so that Defendants VIKING, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through:

a.    Prior incidents involving VIKING passengers injured on the same or substantially similar motorcoach excursions in St. Maarten and/or excursions operated by XYZ CORP., and/or other incidents reported within the cruise industry, and/or XYZ CORP., challenges to this Court's personal jurisdiction;

b.    VIKING's initial approval process and/or yearly inspections of XYZ CORP., and/or the excursion, including, but not limited to, having VIKING's representative(s) take the complimentary shore excursion, conducting site inspections, and reviewing XYZ CORP.'s insurance,

which did or should have revealed: (1) XYZ CORP., and/or the subject complimentary excursion was not actually carefully designed by experienced, licensed and insured tour planners; and/or (2) the XYZ CORP.'s insurance contained limitations.

c.   Thoroughly inquiring into the XYZ CORPS., certification(s), reputation, reviews, prior incidents, years in operation, and/or history in working with other cruise lines, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator; and/or

d.   Periodically requesting and examining safety history reports from XYZ CORP., as well as periodically sending Defendant VIKING's own staff to visit the excursion site(s) and evaluate the excursion experience under the same or similar circumstances as this incident, which did or should have revealed that the subject excursion was dangerous and/or not operated by a competent and fit operator.

71.   The foregoing acts of negligence of Defendants VIKING was a direct and proximate cause of the Plaintiff's injuries and damages.

72.   As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### COUNT IV – NEGLIGENCE AGAINST DEFENDANTS VIKING BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPLE

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 40 as though alleged originally herein

73.    At all times material, XYZ CORP., was the apparent agent of Defendants VIKING.

74.    At all times material, Defendants VIKING are estopped to deny that Defendant XYZ CORP., was its agent or employee(s).

75.    At all times material, Defendants VIKING made manifestations which caused the Plaintiff to believe XYZ CORP., had the authority to act for the benefit of Defendants VIKING.  These manifestations included:

a.    VIKING allowing its name to be used in connection with the subject excursion;

b.    VIKING requiring the motorcoach driver and tour conductor to wear clothing and carry items with the logo of VIKING;

c.    VIKING providing the subject shore excursion as complimentary and inclusive in the cruise fare;

d.    VIKING making all arrangements for the subject complementary shore excursion without effectively disclosing to the Plaintiff that the subject complementary shore excursion was run by another entity such as XYZ CORP.;

e.    All materials provided to the Plaintiff including her booking information and excursion ticket contained the logo of VIKING; and/or

f.    VIKING maintained an excursion desk where it offered, sold, provided information, answered questions about the subject complementary shore

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

excursion, without effectively disclosing to the Plaintiff that the subject complementary shore excursion was run by another entity such as XYZ CORP.

76.    The foregoing acts of negligence of Defendants VIKING and/or XYZ CORP., was a direct and proximate cause of the Plaintiff's injuries and damages.

77.    As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT V – GENERAL NEGLIGENCE AS TO DEFENDANT XYZ CORP.

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 40 as though alleged originally herein.

78.    At all times material hereto, the Excursion Entities co-owned and/or co-operated the subject excursion.

79.    At all times material hereto, it was the duty of the Excursion Entities to provide Plaintiff with reasonable care under the circumstances.

80.    On or about November 27, 2023, XYZ CORP., and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances, based on the following acts and/or omissions:

a.    Failure to provide a reasonably safe excursion;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

b.  Failure to adequately train, supervise and/or monitor its motorcoach drivers;

c.  Failure to eliminate potentially dangerous and/or hazardous conditions;

d.  Negligently selecting/designating the route to be taken;

e.  Failure to provide safe and properly working motorcoaches that were capable of operating at reasonable rates of speed in light of the road conditions;

f.  Failure to adequately train, supervise and/or monitor tour providers to ensure instructions, warnings and/or assistance was provided/performed for passengers;

g.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject excursion was reasonably safe and that the instructions and/or assistance were performed in such a manner that was reasonably safe for cruise ship passengers;

h.  Failure to adequately warn and/or communicate to passengers (including the Plaintiff) of the dangers associated with participating in the subject excursion;

i.  Failure to adequately warn and/or communicate to passengers (including the Plaintiff) that XYZ CORP., will take the position that they are not subject to jurisdiction in the United States, especially when Defendants VIKING contractually requires its passengers (including the Plaintiff) to file suit in a specific jurisdiction in the United States for all claims arising from the subject cruise (including incidents that occur while participating in shore excursions); and/or

j.  Having shore excursion that was not competently operated.

81.  At all times material hereto, Defendant XYZ CORP., knew of the foregoing dangerous conditions causing the Plaintiff's incident or the conditions existed

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

for a sufficient length of time so that Defendant XYZ CORP., in the exercise of reasonable care under the circumstances, should have learned of them.

82. The foregoing acts of negligence of Defendant XYZ CORP., was a direct and proximate cause of the Plaintiff's injuries and damages.

83. As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## **Prayer for Relief**

WHEREFORE, the Plaintiff respectfully request the Court enter judgment in his favor and against the Defendants as follow:

1. To enter judgment in favor of the Plaintiff against Defendants on all causes of action as alleged herein;
2. To award compensatory damages in the amount to be ascertained at trial;
3. To award costs of suit and attorney's fees, as permitted by law;
4. For prejudgment interest according to proof; and
5. To enter such other and further relief as the Court deems just under the circumstances.

DATED: October 23, 2024.          LIPCON MARGULIES & WINKLEMAN

                                  BY: *s/ Carol L. Finklehoffe*
                                       CAROL L. FINKLEHOFFE
                                       *Attorney for Plaintiff*

### **Demand for Jury Trial**

Plaintiff JUDITH BOSNOS hereby demands a trial by jury on all claims for relief.

                                  LIPCON MARGULIES & WINKLEMAN

DATED:   October 23, 2024.

                                  BY: *s/ Carol L. Finklehoffe*
                                       CAROL L. FINKLEHOFFE
                                       *Attorney for Plaintiff*

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial